IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA JOHNSON-MOSELEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALABAMA UNIFIED JUDICIAL ) <br> SYSTEM, ADMINISTRATIVE ) <br> OFFICE OF THE COURTS; THE ) <br> JUVENILE COURT OF MOBILE ) <br> COUNTY, ALABAMA; THE HON. ) <br> EDMOND NAMAN; and ) <br> LAWRENCE BATTISTE, ) <br> ) <br> Defendants. ) | Civil Action No. 12-0184-CG-N |

## ORDER

This matter is before the court on the motion for reconsideration filed by the plaintiff, Linda Johnson-Moseley ("Moseley").  Doc. 60.  For the reasons stated below, the court finds that the motion is due to be **DENIED**.

### I. RECONSIDERATION STANDARD

Reconsideration is considered to be an "extraordinary" remedy which is to be employed "sparingly."  Gougler v. Sirius Products, Inc., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005) (citing United States v. Bailey, 288 F.Supp.2d 1261, 1267 (M.D.Fla. 2003); Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F.Supp. 522, 524 (E.D.Pa. 1992); Spellman v. Haley, 2004 WL 866837, *2 (M.D.Ala. Feb.22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").  "A motion for reconsideration

should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F.Supp. 1514, 1521 (M.D.Fla. 1995).

Generally, courts have recognized three grounds which justify the reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Summit Medical Center of Alabama, Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D.Ala. 2003).

Here, Moseley argues that the court committed multiple errors of law and fact in its summary judgment order. Doc. 60 at 1. A motion to reconsider based upon clear error is appropriate "when the Court has patently misunderstood a party ... or has made a mistake, not of reasoning, but of apprehension." Wendy's Int'l, Inc. v. Nu–Cape Constr., Inc., 169 F.R.D. 680, 684 (M.D.Fla. 1996). The opposite side of this coin is that "[a] motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480 (M.D. Fla. Oct. 7, 1999). Nor does a motion for reconsideration provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D.Ill.

1988).  Thus, "[t]he burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D.Fla. 1993).

## II. §1983 CLAIMS (COUNTS ONE AND TWO)

In its summary judgment order, the court noted that Moseley's opposition to summary judgment contained no mention of her 1983 claims and thus deemed them to be abandoned, granting summary judgment on Counts One and Two in the defendants' favor.  Doc. 58 at 8-9 (citing Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001) (other citations omitted).

Moseley now argues that the court erred in reaching this conclusion because "the [d]efendants do not challenge Counts One and Two of her 2nd Amended Complaint.  They offered *no* arguments or evidence contesting Dr. Moseley's claims brought pursuant to the 5th and 14th Amendments to the United States Constitution." Doc. 60 at 1-2 (emphasis in original).  Thus, according to Moseley, her claims were not abandoned and should not have been dismissed because Wilkerson, supra, does not require a plaintiff to address at summary judgment a claim raised in the complaint but not attacked by the moving party at summary judgment.  Doc. 60 at 3.  Moseley also cited Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), for the same purpose, i.e., where the defendant does not raise an issue in its motion for summary judgment, then the plaintiff has nothing to

3

respond to in its opposition brief.  Doc. 60 at 3-4.  Moseley's discussion of Wilkerson and Resolution Trust Corp. are correct but beside the point because the defendants did, in fact, attack her §1983 claims.

**A. Due Process Claim (Count One)**

With regard to Count One, Moseley alleged a violation of her property rights in her job as a merit system employee without due process of law.  Doc. 24 at 12.  In their summary judgment brief, the defendants stated that:

> [Moseley] alleges that she was not placed back into the position that she held prior to being laid off, due to abolishment of her merit system class because of significant budget concerns within the state's judicial system, and subsequently reinstated upon appeal … it is undisputed that [the] Employee's Appeal Board ordered [Moseley] to be reinstated and paid back pay, which was done, the order specifically stated that she was to be reinstated to [a] merit system position "comparable [to the] position in the next nearest class to the one abolished." She was.

Doc. 40 at 5, 16 (citing the Alabama Unified Judicial System Employee Appeals Board decision, Doc. 40-4).  This assertion of undisputed fact, which was stated twice in the defendants' motion for summary judgment, challenges Moseley's claim that she was deprived of a property right in her job as a merit system employee by pointing to the fact that Moseley was reinstated and received back pay.  This was sufficient to put plaintiff on notice that the substance of her due process claim was being attacked.  It also runs contrary to Moseley's assertion in her motion for reconsideration that the defendants offered no arguments or evidence regarding her 5th and 14th

4

Amendment claims. See Doc. 60 at 1-4. Accordingly, Moseley's motion with regard to Count One is due to be denied.

### B. Equal Protection Claim (Count Two)

With regard to Count Two, Moseley alleged a violation of her equal protection rights as a result of alleged employment discrimination based upon the fact that she is a black female. Doc. 24 at 12. In the first paragraph of the legal argument section of their summary judgment brief, the defendants stated that "[Moseley] brings claims under both Title VII and 42 U.S.C. 1981 and 1983. In cases where §1983 is employed as a remedy for the same conduct attacked under Title VII, 'the elements of the two causes of action are the same.'" Doc. 40 at 6. (citing Cross v. State of Alabama, 49 F.3d 1490, 1508 (11th Cir. 1995)). What followed was the defendants' argument concerning Moseley's Title VII and §1981 claims. See Doc. 40. The language which the defendants placed at the beginning of their argument put Moseley on notice that their attack upon her Title VII claims was also an attack upon her §1983 claims where the same conduct, i.e., employment discrimination, was at issue. Thus, the court finds that Moseley's motion for reconsideration is due to be denied as to Count Two.

In any event, the question of whether Moseley abandoned her §1983 equal protection claims is moot because the court dismissed her discrimination and retaliation claims under Title VII and §1981. Doc. 58 at 19, 26. This dismissal would have also applied to her §1983 equal protection

5

claims, even absent a finding of abandonment.  Thus, Moseley's motion for reconsideration is due to be denied as to Count Two.

### III. DISCRIMINATION CLAIMS (COUNTS THREE AND FIVE)

#### A. The Court's Statement of the Law and Analysis of Moseley's Prima Facie Case

Moseley argues that the court misstated the protected factors covered by Title VII.  Doc. 60 at 4.  She is incorrect.  In its order, the court stated that "for claims of race or sex discrimination, the plaintiff must show that (1) she is a member of a protected class (here, female and African-American); (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) her employer treated her less favorably than similarly-situated individuals outside of her protected class."  Doc. 58 at 10 (citing Alvarez v. Royal Atlantic Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010).  This is an accurate statement of the protected factors under Title VII discrimination law, and the same factors that Moseley cited herself.  See Doc. 45 at 15.

What Moseley highlights as an inaccurate statement of the law by the court is actually an excuse to offer a belated citation to case law which Moseley neglected to put forth in her summary judgment brief.  That case, Jeffries v. Harris County Community Action Association, 615 F.2d 1025 (5th Cir. 1980), states unequivocally that "when a Title VII plaintiff alleges that an employer discriminates against black females, the fact that black males and white females are not subject to discrimination is irrelevant and must

not form any part of the basis for a finding that the employer did not discriminate against the black female plaintiff." Id. at 1034. Moseley's citation to Jeffries does not compel any change in the court's disposition of the case.

First, as suggested, supra, the court notes that the time for Moseley to cite Jeffries and point out its extensive discussion of the "sex plus" theory of discrimination was in her summary judgment brief, not in a motion to reconsider. Jeffries is most certainly not new law, having been issued by the old 5th Circuit in 1980. Additionally, the court notes that Moseley herself titled the portion of her summary judgment brief dealing with her Title VII discrimination claims as "TITLE VII SEX DISCRIMINATION CLAIM (AOC only)." Doc. 45 at 15. Moseley also summarized the requirements for establishing "a prima facie case of sex discrimination" without referring to race *and* sex as a separate subset of discrimination, as called for by Jeffries. Id. A motion for reconsideration does not represent an opportunity for Moseley to refine her legal argument and add 33-year-old citations which she could have and should have included in her brief from the beginning.

Secondly, the court's discussion and ultimate disposition of Moseley's sex discrimination claim would have been the same even if it had been cast and analyzed as a "race *and* sex claim" as envisioned by Jeffries. The court found that Moseley had established a prima facie case of discrimination. Doc. 58 at 15. Moving on to the next step of the McDonnell Douglas analysis, the

7

court found that the defendants proffered legitimate, non-discriminatory reasons. Id. at 16-17. The court then found that Moseley failed to prove pretext by a preponderance of the evidence. Id. at 17-19. Thus, Moseley's belated citation to Jeffries is moot.

### B. Pretext

Moseley also seeks to expand on her summary judgment argument with regard to the defendants' proffered legitimate, non-discriminatory reasons by contending that "the defendants' legitimate nondiscriminatory reason for Dr. Moseley's non selection has to specifically relate to why her name was not sent out of committee for an interview with the judge." Doc. 60 at 7. Moseley offers a number of new citations for the first time, including 42 U.S.C. § 2000e-2(a)(2), Connecticut v. Teal, 457 U.S. 440, 448 (1982), and Patrick v. Ridge, 394 F.3d 311 (5th Cir. 2004), among others. Id.

Unfortunately for Moseley, none of this constitutes grounds for reconsideration of the court's summary judgment order because it is precisely the sort of "rehashing [of] arguments the Court has already rejected" which is not appropriate on a motion for reconsideration. See Lamar Advertising, supra. Moseley already raised this issue in her opposition brief, where she cited only two cases to support her argument that the defendants' proffered reasons should have addressed her failure to advance beyond the screening committee. Doc. 45 at 14, 16. Neither of the cases Moseley cited at summary

8

judgment supported her argument,[1] and waving new citations in the court's face in an attempt to take a "second bite at the apple" constitutes an abuse of the Rule 59(e) motion.  DeGidio v. Pung, 125 F.R.D. 503, 505 (D.Minn. 1989).

      Additionally, the court notes that Moseley's attempted refinement is no more convincing than her original argument because it ignores her own underlying allegations of discrimination.  Moseley alleged a prima facie case of discrimination by claiming that, inter alia, "the position was filled by Defendant Battiste, a male who is outside Moseley's protected group."  Doc. 45 at 15; see also Doc. 24 at 12-13.  The defendants proffered a legitimate, non-discriminatory reason for this allegation -- i.e., for hiring Battiste – and thus directly addressed and rebutted Moseley's allegation.  Doc. 40 at 15.  That Moseley was unsuccessful at summary judgment in expanding the scope of her discrimination allegation is by no means an example of "clear error or

---

[1] Moseley quoted Lee v. GTE Florida, Inc., 226 F.3d 1249, 1253 (11th Cir. 2000) for the premise that "evidence that an employer hired (or referred for interview and consideration) a less qualified applicant over the plaintiff may be probative" of pretext.  Doc. 45 at 14.  In doing so, Moseley inserted the phrase "or referred for interview and consideration" into the quote, thus warping the citation so that it appeared more supportive to her case than it actually is.  The actual quote from Lee states that "evidence showing an employer hired a less qualified applicant over the plaintiff may be probative of whether the employer's proffered reason for not promoting the plaintiff was pretextual."  226 F.3d at 1253.  Moseley did the same thing in her citation of Bass v. Board of County Com'rs, Orange County, Fla, 256 F.3d 1095, 1107 (11th Cir. 2001).  See Doc. 45 at 14.  Moseley inserted the words "or referring" into the Eleventh Circuit's language so that case appeared to state that "[h]iring (or referring) a less qualified person can support an inference of discriminat[ion]."  Thus, Moseley cited no legal authority at summary judgment which supported her argument on this point.

9

manifest injustice" justifying reconsideration of the court's order.  See note 1 supra.

## IV. RETALIATION CLAIMS (COUNTS FOUR AND FIVE)

### A. CJPO Vacancy

On the subject of Moseley's retaliation claims, the defendants argued at summary judgment that "the Plaintiff has not presented sufficient evidence to support any claim that any other action by the defendants rises to the level of a Title VII violation."  Doc. 40 at 14.  The court disagreed, and found that Moseley had established a prima facie case of retaliation with regard to the CJPO position.  Doc. 58 at 22.   The court then found that Moseley failed to prove pretext by a preponderance of the evidence, and held that summary judgment was due to be granted.  Id. at 25-26.

With a wave of the hand, Moseley dismisses the court's pretext discussion as irrelevant, and instead fixates on the defendants' earlier, unsuccessful argument as to the prima facie elements, asserting that she was not required to proceed further than that point.  Doc. 60 at 9.  The court's review of the cases Moseley cited – Wilkerson, 270 F.3d at 1322; Celotex v. Catrett, 477 U.S. 317 (1986); or Clark v. Coates, 929 F.2d 604, 6008 (11th Cir. 1991) – reveals no support for this argument.  Accordingly, the court finds no clear error or manifest injustice with regard to Moseley's allegation of retaliation concerning the CJPO position.

**B. Other Retaliation Claims**

The court also wrote that Moseley's allegation that she was denied the opportunity to compete for the new position of Deputy Chief Probation officer was "devoid of any citation to evidence which would support the claim." Doc. 58 at 22.  Moseley now contends that this is incorrect because she "provides testimony about the newly created position of Deputy Chief Probation Officer in her second declaration with exhibits, as part of her sur-rebuttal to defendants' Reply." Doc. 60 at 10.

However, Moseley's second declaration and accompanying exhibits were <u>not</u> part of her sur-reply.  <u>See</u> Doc. 51-1.  Rather, they are submitted for the first time in her motion for reconsideration.  <u>See</u> Doc. 60-1.  Moseley purports to explain that she did not attach the exhibits with her sur-reply because she was "awaiting permission to file the document." Doc. 60 at 10, n. 2.  Nowhere can the court find an example of a party waiting to submit attachments and exhibits to an underlying motion until after the motion for leave has been granted.  Moseley made no mention in her motion for leave that she was awaiting the court's permission before filing the cited attachments. She attached the proposed sur-reply to the motion for leave, but there were no exhibits included with the proposed document.  <u>See</u> Doc. 51.  Thus, the court's determination that there was no evidence to support Moseley's claims was not incorrect, because the documents Moseley now relies upon at reconsideration were not part of the record evidence at

11

summary judgment. "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." <u>Cumulus Media, Inc. v. Clear Channel Communications, Inc.</u>, 304 F.3d 1167 (11th Cir.2002) (quotation omitted). Moseley has not argued that her second declaration and accompanying exhibits were unavailable during the summary judgment phase, and therefore, the court declines to consider them. Thus, the only error in this instance is attributable to plaintiff's counsel for failing to timely file the supporting documents.

Finally, the court finds no error with regard to its conclusions about Moseley's claims of retaliatory demotion, reduction in work duties, and retaliation for her 2010 EEOC Charge. Accordingly, reconsideration of the court's summary judgment order on Counts Four and Five is inappropriate.

## V. CONCLUSION

For the reasons discussed above, the court finds that Moseley's motion for reconsideration is due to be and hereby is **DENIED**.

**DONE** and **ORDERED** this 29th day of May, 2013.

/s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**