IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA JOHNSON-MOSELEY, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-0184-CG-N |
| | ) | |
| ALABAMA UNIFIED JUDICIAL SYSTEM, ADMINISTRATIVE OFFICE OF THE COURTS; THE JUVENILE COURT OF MOBILE COUNTY, ALABAMA; THE HON. EDMOND NAMAN; and LAWRENCE BATTISTE, | ) ) ) ) ) ) ) ) | |
| | ) | |
|    Defendants. | | |

**ORDER**

This matter is before the court on Plaintiff's motion to alter or amend pursuant to Rule 59(e). (Doc. 101). For the reasons explained below, the court finds that Plaintiff's motion should be denied.

Plaintiff moves for reconsideration of this court's order on summary judgment (Doc. 99), on the ground that there is a "manifest error of law and fact." The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985)). Reconsideration is considered to be an "extraordinary" remedy which is to be employed "sparingly." Gougler v. Sirius

1

Products, Inc., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005) (citations omitted). Generally, courts have recognized three grounds which justify the reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Summit Medical Center of Alabama, Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003). Here, plaintiff seeks reconsideration based on the need to correct clear error. A motion to reconsider based upon clear error is appropriate "when the Court has patently misunderstood a party ... or has made a mistake, not of reasoning, but of apprehension." Wendy's Int'l, Inc. v. Nu–Cape Constr., Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996). The opposite side of this coin is that "[a] motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480 (M.D. Fla. Oct. 7, 1999). Nor does a motion for reconsideration provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). Thus, "[t]he burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Although Plaintiff did not directly contest the Defendants' arguments regarding summary judgment as to Counts I and II in her response to summary judgment, she now asserts that Defendants did not demonstrate that they were entitled to judgment as a matter of law on those Counts. Plaintiff is correct that "a district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." Howard v. Gee, 538 Fed.Appx. 884, 891 (11th Cir. 2013) (citation and internal quotations omitted). "A district court must also ensure that the motion itself is supported by evidentiary materials." Id. (citation and internal quotations omitted). However, in the instant case, the court did consider the merits of the Defendants' motion for summary judgment on Counts I and II. The court first discussed Defendants' allegation that they were immune from damages on Counts One and Two and stated the following in agreement:

> Absent abrogation or waiver, the Eleventh Amendment bars federal claims for damages against the states, including suits brought by a state's own citizens. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). "The State of Alabama, its agencies, and its officials acting in their official capacity are not considered 'persons' for purposes of an action for damages under 42 U.S.C. § 1983. State Dep't of Pub. Safety v. Sexton, 748 So.2d 200 (Ala. Civ. App. 1998) (citing Hafer v. Melo, 502 U.S. 21 (1991)).

(Doc 99, p. 10). Plaintiff's current motion does not mention Defendants' alleged Eleventh Amendment immunity and Plaintiff has never offered any reason why Eleventh Amendment immunity would not apply. Although the court's above-quoted statements were meant to show agreement with Defendant's immunity

3

argument, to the extent that was not clear, the court now definitively states that it has found that Defendants have sufficiently supported their claim that they are entitled to Eleventh Amendment immunity. Plaintiff did not show, and has still not shown, that there is any reason why Eleventh Amendment immunity should not apply as a matter of law. Thus, the court finds that Defendants are entitled to Eleventh Amendment immunity.

In the summary judgment order, the court went on to discuss Defendants' next argument: that Judge Naman and Mr. Battiste are also protected by qualified immunity. The court specifically found that the Defendants "were clearly working within the scope of their discretionary authority." (Doc. 99, p. 11). As stated in the order, it was then the Plaintiff's burden to demonstrate that the official's actions violated a clearly established right. Grayden v. Rhodes, 345 F.3d 1225, 1231 (11th Cir. 2003). Plaintiff failed to satisfy her burden. In spite of Plaintiff's failure to present any evidence or argument on the issue, the court reviewed the Defendants' arguments and summarized in the order the bases for Defendants' contention that they had not violated any clearly established right. Along with these discussions, the court found that judgment was appropriate with regard to Count II to the extent it was asserted against AOC because "there is no evidence that AOC knew of, sanctioned, participated in, or was otherwise 'affirmatively linked' to the acts plaintiff complains of, and respondeat superior is not available to a plaintiff under § 1983." (Doc. 99, p. 11). The court, emphasizing Plaintiff's failure to present any

4

evidence or argument on these issues, ultimately concluded that Defendants' were entitled to summary judgment as to Counts I and II.

Plaintiff now points to evidence that was in the record that she believes counters some of Defendants' arguments. Rule 59(e) motions are not intended "to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." Mincey v. Head, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000); see also Groover v. Michelin N. Am., Inc., 90 F.Supp.2d 1236, 1256 (M.D. Ala. 2000) ("Additional facts and arguments that should have been made in the first instance are not appropriate grounds for a motion for reconsideration."). Even if appropriately raised, Plaintiff's arguments do not persuade the court that a material issue of fact exists that should prevent the entry of summary judgment in Defendants' favor.

Plaintiff points out that she had a protected property interest in her continued employment and that she was reinstated and received back pay upon the Employee's Appeals Board finding that the procedures for laying off a merit employee were not followed. Plaintiff argues that this shows that she was not afforded due process at the time of her layoff. However, as thoroughly briefed and argued by Defendants in their summary judgment motion, due process is not synonymous with the Defendants' employee procedures. "[N]oncompliance with personnel policies is not a per se denial of procedural due process." Black v. City of Auburn, Ala., 857 F.Supp. 1540, 1547 (M.D. Ala. 1994). "In order for the state to deprive a public employee of a property interest in continued employment, where

5

the state affords post-termination procedures, the Due Process clause of the Constitution requires 'some kind of hearing' prior to the employee's termination." Martin v. City of Dothan, 2008 WL 541289, at *14 (M.D. Ala. Feb. 25, 2008) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545–47, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) and Harrison v. Wille, 132 F.3d 679, 684 (11th Cir. 1998)). "[T]his hearing must be provided prior to termination and it must include 'notice and an opportunity to be heard.'" Id. (citing Harrison, 132 F.3d at 684). "No more than this is required, for it would disrupt the delicate balance which this requirement strikes between the employee's property interest and 'the government's interest in quickly removing an unsatisfactory employee.'" Mack, 201 F.Supp.2d at 1211 (quoting Cleveland, 470 U.S. at 546, 105 S.Ct. 1487). Defendants reported that Judge Naman met with the Plaintiff prior to her termination and offered her the chance to take retirement. Plaintiff was given the opportunity to voice her objections and was given the opportunity to appeal Judge Naman's decision. Plaintiff took advantage of her opportunity to appeal and the Employee Appeal Board awarded her back pay and ordered that she be reinstated. As recently explained by the Middle District of Florida, such post-deprivation compensation remedies any procedural due process deprivation:

> The state's action is not complete "until and unless it provides or refuses to provide a suitable postdeprivation remedy." Hudson[ v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).] Thus, a claim for denial of procedural due process is actionable under § 1983 "only when the state refuses to provide a process sufficient to remedy the procedural deprivation." McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir.1994) (en banc). "It is the state's failure to provide

> adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir.2000) (citations omitted). "[P]rocedural due process violations do not even exist unless no adequate state remedies are available." Cotton, 216 F.3d at 1331 n. 2.

Schwarz v. Tomlinson, 2014 WL 4092811, *2 (M.D. Fla. Aug. 19, 2014). Accordingly, although this court finds, based on the evidence, that Defendants provided due process prior to Plaintiff's appeal, the record shows that if there was any deprivation of Plaintiff's due process rights, they were remedied upon her appeal. The court also finds that plaintiff has not shown that the Defendants' actions violated a clearly established right.

Under her equal protection claim asserted in Count II, Plaintiff points to evidence that she was treated differently than Ms. Cannedy. To maintain an equal protection claim, a plaintiff must show "(1) that [s]he was similarly situated with others who received more favorable treatment, and (2) that h[er] discriminatory treatment was based on a constitutionally protected interest such as race." Mack v. City of High Springs, 486 Fed.Appx. 3, 7 (11th Cir. 2012) (citing Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001)). Here, Plaintiff was only given the choice of retiring, while Ms. Cannedy was given the option of accepting a demotion. (Doc. 77, p. 19-20, ¶¶ 43-44; Doc. 77-3, ¶¶ 16-17). However, in the same passages quoted by Plaintiff, Defendants explain why they were treated differently. Plaintiff and Cannedy were not similarly situated because Ms. Cannedy was not eligible for retirement. Cannedy could not retire and thus, Defendants offered her a demotion

7

with a reduction in pay. (Doc. 77, p. 20, ¶ 44; Doc. 77-3, ¶¶ 16-17). There were two individuals, Pat O'Hear and Doris Lucy, who held the same position as Plaintiff and were eligible to retire. (Doc. 77-3, ¶¶ 16-17). O'Hear and Lucy were given the same options as Plaintiff but, unlike Plaintiff, O'Hear and Lucy chose to retire. (Doc. 77-3, ¶¶ 16-17). The court finds that the evidence demonstrates that Plaintiff was treated the same as all similarly situated employees.

In a footnote, Plaintiff now also asserts that the court erred in finding there was no evidence that AOC played any part in allegedly violating Plaintiff's equal protection right. Plaintiff points out that Defendants stated the following in their brief: "With the help and under the direction of AOC, Judge Naman chose to make the very difficult decision of abolishing the CPO 2 position." (Doc. 77, p. 19, ¶ 42). However, the above quoted statement does not indicate that AOC deliberately violated Plaintiff's rights or that its policies or customs were somehow the moving force behind Plaintiff's alleged deprivations.[1] There is no evidence that AOC was responsible for Plaintiff's alleged deprivation. Moreover, since the court found that

---

[1] For AOC to be liable, there would have to be evidence that its policy or custom caused plaintiff's injury. Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388 (1997) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 2027, 56 L.Ed.2d 611 (1978)). Additionally, for AOC to be liable the Plaintiff must demonstrate that through its deliberate conduct, AOC was the "moving force" behind the injury alleged. Id. at 405. "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. There is no evidence that any policy, custom, or deliberate conduct by AOC caused plaintiff's alleged constitutional violation.

Plaintiff did not suffer a constitutional injury, there can be no liability for AOC. See City of Los Angeles v. Heller, 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (holding that if an individual suffered no constitutional injury at the hands of a police officer, then there can be no liability for the department).

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to alter or amend pursuant to Rule 59(e) (Doc. 101), is **DENIED**.

**DONE** and **ORDERED** this 4th day of September, 2014.

/s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**